UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DEXTER PITTS, | ) | |
| | ) | Case Nos. 1:12-cr-53; 1:14-cv-139 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

On May 8, 2013, Petitioner Dexter Pitts ("Petitioner") was sentenced to 188 months' imprisonment for possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. 33.) Following Mr. Pitts's direct appeal of this judgment, the United States Court of Appeals for the Sixth Circuit affirmed the judgment on January 22, 2014. (Doc. 37.) On May 5, 2014, Petitioner timely filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion"). (Doc. 38.) For the reasons that follow, the Court finds an evidentiary hearing on the 2255 Motion is not necessary and the 2255 Motion is **DENIED**.

### I. STANDARDS

**A. Threshold Standard**

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence, if he claims that the sentence was imposed in violation of the Constitution or laws of the United States; that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is

otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under § 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations.") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or

conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### B. Standard for Ineffective Assistance of Counsel

Petitioner raises an issue premised upon an "ineffective assistance of counsel" argument. Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff,* 734 F.3d at 606. That test provides that, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct

3

> falls within the wide range of reasonable professional assistance;
> that is, the defendant must overcome the presumption that, under
> the circumstances, the challenged action "might be considered
> sound trial strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet his burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

## II. BACKGROUND

Petitioner alleges that the district court erred in accepting the sentencing calculations of the Presentence Report. The Presentence Report calculated Petitioner's sentence under the 2012 United States Sentencing Guidelines Manual as follows: Defendant was convicted of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Presentence Report ¶ 1.) The government filed a notice of intent to use prior convictions to enhance punishment pursuant to 21 U.S.C. § 851 (*id.* ¶ 3), thereby bumping Petitioner's statutory maximum sentence to 30 years. *See* 21 U.S.C. § 851. His base level offense was calculated to

be 16. (*Id.* ¶ 14.) He received two points for possessing a dangerous weapon in his residence where the cocaine was located raising his offense level to 18. (*Id.* ¶ 15.) He was then determined to be a career offender based on prior convictions, which caused his offense level to be bumped from 18 to 34 pursuant to U.S. Sentencing Guidelines Manual § 4B1.1. (*Id.* ¶ 20.) The predicate offenses for Petitioner's career-offender enhancement are listed in paragraphs 25 and 26 of the Presentence Report. One of the predicate offenses was a 1996 conviction in a Tennessee state court for felonious possession of cocaine (*id.* ¶ 25), and the other predicate offense was a 1997 conviction in a Tennessee state court for possession of cocaine and unlawful possession of a weapon (*id.* ¶ 26). Petitioner received a deduction of 3 points for acceptance of responsibility, thereby reducing his offense level from 34 to 31.

The Presentence Report then calculated Petitioner's criminal history points. He received three points each for the aforementioned 1996 and 1997 state court convictions pursuant to U.S. Sentencing Guidelines Manual § 4A1.1(a). (*Id.* ¶¶ 25 & 26.) He received one more point for a conviction in 2006 for driving under the influence (*id.* ¶ 28) leaving him with a total of seven criminal history points (*id.* ¶ 31). According to the sentencing table in U.S. Sentencing Guidelines Manual, Chapter 5, Part A, a criminal history score of seven establishes a criminal history category of IV (four). However, Petitioner's criminal history score of seven was ultimately irrelevant due to the § 851 enhancement. Petitioner's statutory maximum sentence was 30 years based on the § 851 enhancement, and, according to the table found at U.S. Sentencing Guidelines Manual § 4B1.1(b)(2), a person with a maximum sentence of 30 years has a criminal history category of VI. Based upon a total offense level of 31 and a criminal history category of VI, the guideline imprisonment range was 188 months to 235 months. (Presentence Report ¶ 50); Sentencing Table at U.S. Sentencing Guidelines Manual, Chapter 5, Part A. The

district court sentenced Petitioner to 188 months' imprisonment, the lowest sentence under the guidelines.

## III. DISCUSSION

Petitioner asserts he was improperly sentenced. Specifically, he argues the district court erroneously gave him 3 criminal history points pursuant to § 4A1.1(a) for the 1996 conviction for felonious possession of cocaine. Petitioner contends that giving him three criminal history points for this 1996 conviction was error because he was not incarcerated a sufficient amount of time for this conviction to merit 3 criminal history points. He also asserts that this conviction was erroneously considered in the determination that he was a career offender pursuant to § 4B1.1. Finally, he argues he was denied effective assistance of counsel in violation of the Sixth Amendment because: (1) his counsel failed to properly investigate the full circumstances of his incarceration for the 1996 conviction and, if he had, his counsel would have been able to show the court that he had not been incarcerated long enough to receive three criminal history points and/or career offender status on the basis of the 1996 conviction; and (2) his counsel failed to object to his career-offender status.

Petitioner's claims are procedurally barred. Petitioner, through counsel, directly appealed his sentence to the Sixth Circuit Court of Appeals arguing that the 1996 conviction could not be used to deem him a career offender pursuant to § 4B1.1(a), because his incarceration was insufficient to permit his conviction to serve as a predicate offense for a career offender. A "§ 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (internal citations omitted); *accord Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). In his 2255 Motion, Petitioner challenges his sentence based on the amount of time he was or was not

incarcerated for the 1996 conviction, an issue thoroughly considered and addressed by the Sixth Circuit on direct appeal.[1] (*United States v. Pitts,* Case No. 13-5610, slip op. 2–3 (6th Cir. Dec. 30, 2013); Doc. 36). Petitioner has not identified any "extraordinary circumstances" that would justify relitigating that issue. Moreover, claims that do not involve constitutional or jurisdictional errors are not cognizable on collateral review. *E.g.*, *Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996) ("[N]onconstitutional errors, such as mistakes in the application of the sentencing guidelines . . . ordinarily are not cognizable on collateral review."); *see also Sun Bear v. United States*, 644 F.3d 700, 704–06 (8th Cir. 2011) (*en banc*) (holding that petitioner's collateral attack on his career-offender designation was not cognizable under § 2255); *United States v. Calderon*, No. 98-1336, 1999 WL 801587, at *3 (6th Cir. Sept. 27, 1999) (per curiam) (explaining that claims regarding the application of the Sentencing Guidelines may not be litigated on collateral review, because "a direct appeal would have been the correct forum in which to raise sentencing questions").

As for Petitioner's claim that his counsel was ineffective because he did not properly investigate his sentence for his 1996 conviction and did not object to his sentence, this argument is simply another attempt to relitigate the appropriateness of his sentence.[2] Petitioner "cannot use a § 2255 proceeding in the guise of ineffective assistance of counsel to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, 2005 WL 2416995, at *2

---

[1] As discussed in the background section of this memorandum, the assessment of three criminal history points for the 1996 conviction pursuant to § 4A1.1(a) was ultimately irrelevant to Petitioner's sentence because of the § 851 enhancement which increased Petitioner's criminal history category from IV to VI.

[2] Petitioner's counsel did object to the use of the 1996 conviction to find Petitioner a career offender pursuant to § 4B1.1. (Presentence Report Addendum at p. 1.) Further, this issue was the subject of the direct appeal filed by Petitioner to the Sixth Circuit. (*See United States v. Pitts,* Case No. 13-5610 (6th Cir. Dec. 30, 2013); Doc. 36.)

(E.D. Tenn. 2005) (citing, *see e.g., DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). As previously indicated, the Sixth Circuit carefully considered the circumstances of Petitioner's sentence for the 1996 conviction, *i.e.,* the time he served, when he served it, and where he served it, and concluded the district court had properly sentenced Petitioner. The Court will not review these same issues on collateral review in the guise of an ineffective assistance of counsel claim.

## IV.   CONCLUSION

The Court has reviewed this 2255 Motion and finds no merit in Petitioner's claims. For the reasons stated herein, the Court finds an evidentiary hearing is not necessary for this motion brought pursuant to 28 U.S.C. § 2255. The Court further concludes, on the basis of the record before it, that Petitioner is not entitled to relief. The 2255 Motion (Doc. 38) is therefore **DENIED**.

Petitioner has filed various motions (Docs. 64, 66, 69, and 70) asking for the status of his 2255 Motion. Those motions are moot in light of this decision and are therefore **DENIED**.

Further, Petitioner has filed three motions (Docs. 65, 67, and 68) requesting "all the evidence" supporting his sentence, especially as it relates to his 1996 conviction. Rule 6 of the Rules governing Section 2255 proceedings provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Petitioner has not set forth good cause to conduct discovery regarding his sentence in this case, and these motions are therefore **DENIED**.

   **AN APPROPRIATE ORDER WILL ENTER.**

   /s/ *Travis R. McDonough*
   **TRAVIS R. MCDONOUGH**
   **UNITED STATES DISTRICT JUDGE**